UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE BORROME,

v.   Case No. 8:17-cr-202-VMC-UAM
     8:22-cv-2489-VMC-UAM

UNITED STATES OF AMERICA.

_____/

**ORDER**

On October 23, 2022, Jose Borrome, proceeding pro se, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 123). The United States of America moved to dismiss the 2255 Motion as untimely on January 11, 2023. (Civ. Doc. # 5). Mr. Borrome responded in opposition to the Motion to Dismiss. (Civ. Doc. # 6). For the reasons that follow, the Motion to Dismiss is granted and the 2255 Motion is dismissed as untimely.

I.   **Background**

In July 2017, pursuant to a plea agreement, Mr. Borrome pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Crim. Doc. ## 36, 51, 66, 72). The Court sentenced him to 120 months' imprisonment. (Crim. Doc. ## 106, 121).

1

Mr. Borrome's judgment of conviction was entered on November 7, 2017. (Crim. Doc. # 121). Mr. Borrome did not appeal.

Years later, on October 23, 2022, Mr. Borrome filed the instant 2255 Motion, arguing among other things that the Maritime Drug Law Enforcement Act ("MDLEA") is unconstitutional and this Court lacks jurisdiction over him. (Civ. Doc. # 1; Crim. Doc. # 123). Now, the United States moves to dismiss the 2255 Motion as untimely and, alternatively, argues the 2255 Motion should be denied on the merits. (Civ. Doc. # 5). Mr. Borrome has responded (Civ. Doc. # 6), and the Motion to Dismiss and 2255 Motion are ripe for review.

## II. Discussion

"The [Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')] established a one-year statute of limitations applicable to § 2255 motions, which begins to run from, *inter alia,* 'the date on which the judgment of conviction becomes final.'" Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (quoting 28 U.S.C. § 2255). "In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires." Id.

In certain other circumstances, the one-year statute of limitations runs from (1) "the date on which the impediment

2

to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (3) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)-(4). None of these circumstances is present here.

Judgment was entered in this case on November 7, 2017. (Crim. Doc. # 121). Under Federal Rule of Appellate Procedure 5(b)(1)(A), Mr. Borrome had fourteen days — until November 21, 2017 — to file a notice of appeal. Fed. R. App. P. 5(b)(1)(A). But Mr. Borrome did not file a notice of appeal. Thus, Mr. Borrome's judgment of conviction became final on November 21, 2017. "The limitation period started the next day, and the time to file a Section 2255 motion expired a year later" — on November 22, 2018. Salley v. United States, No. 8:19-cr-317-MSS-AEP, 2023 WL 3568618, at *1 (M.D. Fla. May 18, 2023). But Mr. Borrome did not file the instant 2255 Motion until October 23, 2022 — almost four years after the

deadline. (Civ. Doc. # 1; Crim. Doc. # 123). Thus, the 2255 Motion is untimely.

Mr. Borrome appears to contend that his 2255 Motion is timely because it was filed within one year of the First Circuit's now-withdrawn opinion <u>United States v. Davila-Reyes</u>, 23 F.4th 153 (1st Cir. 2022), <u>reh'g en banc granted, opinion withdrawn</u>, 38 F.4th 288 (1st Cir. 2022), <u>and on reh'g en banc</u>, 84 F.4th 400 (1st Cir. 2023). (<u>Id.</u> at 10). This argument fails. Besides the fact that the opinion on which Mr. Borrome relies was withdrawn, this case is governed by the law of the Eleventh Circuit — not the First Circuit. Relatedly, <u>Davila-Reyes</u> was not decided by the Supreme Court, so it did not recognize a new right that was made retroactive on collateral review. <u>See</u> 28 U.S.C. § 2255(f)(3) (stating that the one-year limitation period may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

Mr. Borrome also argues that, because he is raising a jurisdictional challenge, "the Court's obligation to ensure that jurisdiction was properly exercised in this case should override any objection to proceeding at this time." (Civ.

Doc. # 6 at 5 n.1). This is incorrect. The one-year limitation period applies even to jurisdictional challenges made in a Section 2255 motion. See Williams v. United States, 383 F. App'x 927, 929–30 (11th Cir. 2010) ("The habeas statute specifically includes jurisdictional challenges in its enumeration of grounds for relief from sentence that may be asserted under § 2255. Nothing in the statutory language suggests that jurisdictional challenges are exempt from the one-year limitations period that applies to 'a motion under this section.'" (citations omitted)).

Finally, Mr. Borrome has not established entitlement to equitable tolling. "Because equitable tolling is an extraordinary remedy, it is limited to rare and exceptional circumstances and typically applied sparingly." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation and internal quotation marks omitted). "The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (citation omitted). A general change in the law does not suffice to warrant equitable tolling, so even if the law surrounding the MDLEA had changed, this likely

5

would not be an extraordinary circumstance. See Outler v. United States, 485 F.3d 1273, 1281 (11th Cir. 2007) ("After careful consideration of all the circumstances, we cannot conclude that Outler has established an entitlement to equitable tolling. As discussed below, we do not believe that the mere change of law worked by Castro is sufficient."). And Mr. Borrome has not established any other reason for equitable tolling.

The United States's Motion to Dismiss is granted and Mr. Borrome's 2255 Motion is dismissed as untimely.

Alternatively, even if Mr. Borrome's 2255 Motion were timely, the Motion would still be denied for the reasons explained by the United States. (Civ. Doc. # 5 at 9-16). That is, Mr. Borrome's claims are procedurally defaulted and, regardless, are waived by his guilty plea. See United States v. Ruiz, 811 F. App'x 540, 543 (11th Cir. 2020) ("Ruiz's guilty plea also means he has waived his arguments that the government proffered insufficient evidence to support his conviction and that the district court relied on improper evidence to show that the vessel was stateless and therefore subject to the United States' jurisdiction under the MDLEA. Ruiz's argument that his vessel was not stateless is a challenge to the district court's finding that the Coast Guard

6

complied with the MDLEA, not to the subject matter jurisdiction of the district court."); United States v. Forbes-Suarez, 553 F. App'x 913, 914 (11th Cir. 2014) (finding that defendant arguing that the MDLEA is unconstitutional as applied to him "waived the right to raise his present challenge to his conviction by entering an unconditional guilty plea").

Furthermore, his claims are meritless under Eleventh Circuit precedent. See, e.g., United States v. Hernandez, 864 F.3d 1292, 1303 (11th Cir. 2017) (holding, under similar facts, "that the MDLEA was a constitutional exercise of Congressional authority under the Felonies Clause, and that the conduct proscribed by the MDLEA need not have a nexus to the United States"); United States v. Santos-Santana, No. 22-10367, 2022 WL 17973602, at *7 (11th Cir. Dec. 28, 2022) ("[W]e decline to adopt the holding of the First Circuit's now-withdrawn opinion in Davila-Reyes given our precedent concluding that other provisions of the MDLEA are constitutional under the Felonies Clause.").

### III. **Evidentiary Hearing**

As the Court readily determined that Mr. Borrome's Motion was untimely, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is

7

not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

### IV. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Mr. Borrome has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Borrome to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Borrome shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The United States of America's Motion to Dismiss (Civ. Doc. # 5) is **GRANTED.**

(2) Jose Borrome's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 123) is **DISMISSED** as untimely.

(3) The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of September, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE